OPINION of the Court, by
Ch. J. Boyle.
— This action was brought against the appellants as heirs of David Lawrence, deceased, upon a Covenant of warranty contained in a deed of bargain and sale executed by him to the appellee.
The only question which we deem material to be decided, is, whether the action can be supported against the appellants, without joining the executors or admi-1 r 1 o illStratOlS. ^
^ At common law the heir was not bound by the obli-cation or covenant of his aacestor, unless he were ex-a , . , . . ... ... pressly named ; and in an action against linn as heir, it was necessary to aver that he was bound by the deed or obligation. In this ease thei-e is no avetment in the declaration that the heirs were bound in the covenant *24 0f warranty ; consequently the action is not sustainable the principles of the common law.
The defect >nay be wken general demur, rerand is not bjr VCI"
The extent however of the heir’s liability upon the contracts of his ancestor, is very materially changed by act subjecting lands to the payment of debts. By seconcl section of that act it is provided “ that the same actions which will lie against the executors or administrators may be jointly brought against them and the heirs or devisees. It never has been doubted that the heir was liable under this law to an action upon the contract of his ancestor, although he may not be named in the contract. But it is clear that in an action against the heir, founded upon such a contract, the executor or administrator must be joined. Upon a bond or other deed in which the heir is expressly named, he may still be sued, as he might have been before the passage of this act, without joining the personal representatives of his ancestor. In that case the remedy given by the act is cumulative, and does not derogate from the right to proceed as at common law. But upon a contract in which the heir is not named, as he was not liable upon such contract at common law, and as the act of assembly has made him liable only in a joint action with the administrator or executor, he cannot be sued alone : for wherever a statute creates a right and prescribes a remedy, that remedy and no other can be pursued.
The omission to join the personal representative in such a case, is a substantial defect, which may be taken advantage of upon general demurrer, and is not cured by the statute of jeofails.-Judgment reversed.